THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MYRA TARPLEY, Defendant-Appellant.

(No. 11720;

Fourth District—December 27, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The Illinois Defender Project moved to withdraw as counsel for the defendant and appended to its motion a brief in conformity with *Anders v. State of California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record shows proof of service of the motion and brief upon the defendant, the motion was continued to enable the defendant to file additional suggestions and notice of this opportunity was given to her. None were filed.

The record in this case shows that the defendant was charged with murder, voluntary manslaughter and involuntary manslaughter for shooting and killing her husband with a 22-caliber rifle. The jury returned a verdict of not guilty of murder, but guilty of involuntary manslaughter. A petition for probation was denied and the defendant was sentenced to a term of one to ten years in the State penitentiary. The records of the Illinois Parole and Pardon Board advise us that the defendant was paroled from the State Reformatory for Women on July 14, 1972.

██ Defendant's statement to the police was taken after the *Miranda* warnings and the statement was read to the jury. She stated: "Butch came in from work about three-thirty P.M. and knocked on the back door. I thought he had been next door with Gene, my brother-in-law, and I asked him 'where have you been?' He said Gene had just picked him up from work at Iles Park Place where he is a maintenance man. I told him I had seen him next door and he said I was mistaken. I went into the bedroom and got the gun and pointed it at him and told him he had better tell me the truth. We were talking and I started to take a step forward and the gun went off. I did not intend to shoot him and I started hugging and kissing him and told him I was sorry that I didn't mean to do it * * *." The defendant had loaded the 22-caliber rifle some three or four days before this incident. She further stated that she had held the gun on him several times before and that he knew she wouldn't shoot him. Several witnesses testified to threats made by the defendant to her husband during the Christmas holidays and about one week before the shooting. Several witnesses testified that they had never

heard the couple quarrel and really left the question of whether the defendant's conduct was likely to cause death or great bodily harm and whether what she did might be termed reckless or intentional for the jury. We cannot say from this record that the jury was in error in concluding that her act or actions were reckless in pointing a loaded gun at her husband while they were discussing where the husband had been. Pointing a loaded gun at another constitutes reckless conduct. (*People v. Bembroy,* 4 Ill.App.3d 522, 281 N.E.2d 389.) She said she did not intend to shoot her husband. If she had, it would be murder, not manslaughter. She raised 22 points in post-trial motion and an examination of them as well as the written opinion of the trial court indicates that the denial of the post-trial motion was correct. From the defendant's own testimony, it is apparent that there was a sufficient basis for a finding of involuntary manslaughter and the errors alleged in the post-trial motion are without merit.

■■  The defendant also argues that it is an abuse of discretion for the court to deny the defendant's petition for probation. There is nothing in the record to suggest that it was an abuse of discretion on the part of the trial judge to deny probation. Since the defendant has already been paroled, it is clear that her conduct in the penitentiary must have been excellent and she is now out among the public. What her future conduct may be is purely a matter of conjecture if she should remarry, and we cannot say that the trial court abused its discretion.

Accordingly, we agree with the Illinois Defender Project that there is no justiciable issue for review and that such a review would be frivolous and without merit. Accordingly, the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed and the judgment of the trial court is affirmed.

Motion allowed; judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.